THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

JAHMIR CHRISTOPHER FRANK,

    Plaintiff,

vs.

GOOD SAMARITAN HOSPITAL
FOUNDATION OF CINCINNATI, INC., ET AL.,

    Defendants,

Case No.1:18-CV-00618-MRB

Judge Michael R Barrett

**ORDER**

    This matter is before the Court on The Defendants, Good Samaritan Hospital Foundation of Cincinnati, Inc. and the Good Samaritan Hospital of Cincinnati Motion to Dismiss or, alternatively, for Partial Summary Judgment (Doc. 17), and multiple scheduling-related motions (Docs. 3, 11, 22, 30, 33, 38), some of which have been held in abeyance (Docs. 3, 11, 22) pending the Court's consideration of the issue of subject matter jurisdiction as raised in the pending Motion to Dismiss.

    Specifically, in a previous order dated December 13, 2018, the Court expressed reservations about ruling on certain matters while the issue of subject matter is pending. (Doc. 26, PageID 601) ("At the outset, the Court would note that, without subject matter jurisdiction, all other matters before the Court become moot. However, the issue of subject matter jurisdiction is not yet fully briefed. Given the jurisdictional challenge, the Court is concerned that an Order granting an extension to file an affidavit of merit at least tacitly approves Plaintiff's plan to seek formal discovery of the fetal monitoring strips through this litigation."). Since then, Plaintiff has produced a Florida driver's license and voter registration card that resolves the issue of subject

1

matter jurisdiction. (Doc. 37) ("Good Samaritan concedes that production of the driver's license and voter registration card moots the challenge to subject matter jurisdiction."). Therefore, the motion to dismiss is denied to the extent that it seeks dismissal based on lack of subject matter jurisdiction.[1] This limited ruling enables the Court to address other, pending matters:

First, the Court will address Plaintiff's deadline to file an affidavit of merit. Previously, Plaintiff argued that he was unable to produce such an affidavit upon filing, because his birth records were destroyed by Defendants. (Doc. 3). While his fetal monitoring strips are still in existence, Plaintiff contended that he was still unable to submit an affidavit of merit because Defendants refused to supply the strips. (*Id.*) Defendants countered that production of such strips was complicated by the fact that there is no way to supply the disc on which they are stored, without also supplying information of other patients in violation of HIPAA. However, on May 3, 2019, this Court signed a Stipulated Protective Order that will enable Defendants to supply the disc without running afoul of HIPAA. Therefore, Plaintiff shall have 90 days from the date on which he receives the disc to file the necessary affidavit of merit. Therefore, the Motions relating to the affidavit of merit (Docs. 3, 11, 22) are **GRANTED**, based on the rationale reflected in this Court's prior Order (Doc. 26). However, given that the Court recently entered the Stipulated Protective Order, the Court will **DENY**, without prejudice to refiling, Plaintiff's Motion to Compel (Doc. 25) production of the fetal monitoring strips as premature.

Second, the Court will address the motions to modify scheduling order (Docs. 30, 33, 38). Plaintiff asks that the time for disclosure of Plaintiff's medical liability expert be extended until 60 days following Defendants' production of fetal monitoring strips that are the subject of

---

[1] Defendants' motion to file supplemental memorandum (Doc. 31) on the issue of subject matter jurisdiction is thus **DENIED AS MOOT**.

the parties' protective order.  Likewise, Defendants requests 60 days after Plaintiff's expert disclosure to identify their experts and to produce reports.  (Doc. 38).  Those Motions are **GRANTED**, and the Court likewise **ORDERS** the parties to prepare and submit for consideration a new scheduling order as to all previously entered deadlines.

Finally, the Court will address Defendants' motion to file a supplemental reply (Doc. 37) on the motion to dismiss.  Defendants offer the following rationale for filing a supplemental reply memorandum:

> Plaintiff did not request leave to file his "Supplemental" Opposition [Doc. 34], and erroneously states that the Defendants' Motion to Dismiss or Alternatively for Partial Summary Judgment ("Motion to Dismiss") should be denied because he has established diversity jurisdiction. However, Plaintiff misremembers the full content of the Motion to Dismiss, and there remains several issues unrelated to jurisdiction which must be ruled on by the Court.
>
> Accordingly, the Defendants request an order for leave of Court to file the attached Supplemental Reply.

(Doc. 37, Page ID 714).  Defendants' argument is well taken.  Defendants are thus granted leave to file their supplemental reply as a standalone document.

Therefore, consistent with the above, the motions to extend the deadline to file an affidavit of merit are **GRANTED** (Docs. 3, 11, 22); Plaintiff's motion to compel (Doc. 25) production of the fetal monitoring strips is **DENIED WITHOUT PREJUDICE TO REFILING**;  Defendants' motion to file supplemental memorandum (Doc. 31) is **DENIED AS MOOT;** the motions to modify scheduling order (Docs. 30, 33, 38) are **GRANTED**, and the Parties are **ORDERED** to prepare and submit for consideration a new scheduling order as to all previously entered deadlines; and Defendants' motion to file a supplemental reply (Doc. 37) is

**GRANTED.**  The Court will reserve ruling on the remainder of the motion to dismiss (Doc. 17) until after Plaintiff's deadline to submit the required affidavit of merit.

**IT IS SO ORDERED.**

                                                          s/*Michael R. Barrett*
                                                      Hon. Michael R. Barrett
                                                      United States District Court