UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

Jahmir Christopher Frank,

        Plaintiff,

  vs.

The Good Samaritan Hospital of Cincinnati,
Ohio, *et al.*,

        Defendants.

Case No. 1:18-cv-00618

Judge Michael R Barrett

## ORDER

This matter is before the Court on the Motion to Dismiss, or alternatively, for Partial Summary Judgment filed by Defendants Good Samaritan Hospital Foundation of Cincinnati, Inc. and The Good Samaritan Hospital of Cincinnati, Ohio. (Doc. 17).

### I.    BACKGROUND

Plaintiff's class action complaint sets forth three causes of action: medical malpractice, respondeat superior, and negligence. (*See* Doc. 1). Its introductory first paragraph reads as follows:

> This is an action for medical malpractice. By reason of the negligence of Defendants Good Samaritan Hospital Foundation, Inc., Good Samaritan Hospital, and John Doe nurses and physicians (hereinafter "The Good Samaritan Defendants") during the delivery of Plaintiff, Jahmir C. Frank, at Good Samaritan Hospital on July 30, 1998, Mr. Frank now suffers from periventricular leukomalacia, a permanent and debilitating brain injury. The birth records of Mr. Frank were destroyed in 2010, due to the negligence of Defendants Good Samaritan Hospital (hereinafter "GSH") and its contractor, Cintas. It was not learned until June 22, 2017, that the birth records had been destroyed despite Defendants' actual knowledge of the destruction since 2012. Mr. Frank's family requested the records in 2014. It was not until a previous lawsuit, voluntarily dismissed without prejudice on June 8, 2018, was filed in Hamilton County, Ohio

1

> that Defendants finally admitted Mr. Frank's birth records had been
> destroyed due to the negligence of Cintas Corporation No. 2, a third party
> hired by Defendants to store and, when lawful, destroy medical records.

(*Id.* at PageID 2 (¶ 1)).  Defendants' Motion asks the Court to dismiss the case in its entirety for lack of subject matter jurisdiction, contending that the parties are all citizens of Ohio and, therefore, not diverse.  Alternatively, Defendants urge the Court to dismiss Plaintiff's third cause of action—negligence—because the statute of limitations has expired and because a cause of action for negligent destruction of medical records does not exist in Ohio.  Additionally, Defendants maintain that all claims against Good Samaritan Hospital Foundation should be dismissed, again asserting a statute of limitations defense.

Defendants filed their Motion on October 3, 2018.  Since then, Plaintiff produced a Florida driver's license and voter registration card, prompting Defendants to concede their challenge to subject matter jurisdiction.  (Doc. 37 at PageID 717).  Accordingly, on May 10, 2019, the Court denied Defendants' Motion to this extent and reserved ruling on the alternative grounds.  (Doc. 40).  Plaintiff's submission of "the required affidavit of merit" was to prompt the undersigned to consider the balance of Defendants' arguments.  Then, on November 7, 2019, the Sixth Circuit ruled that Ohio Civ. R. 10(D)(2)—which requires that an affidavit of merit accompany a complaint for medical malpractice—does not apply to such claims filed in federal court.  *Gallivan v. United States*, No. 18-3874, 2019 WL 5793013, — F.3d — (6th Cir. Nov. 7, 2019).  With that trigger removed, the Court then set a status conference to discuss steps forward.  During said conference, Plaintiff's counsel advised that this case will proceed only against the Hospital, and not against the Hospital Foundation.  (*See* Minute Entry dated 11/14/2019).  Thus, the single issue left for decision with respect to the pending Motion concerns Plaintiff's third cause of action for negligence against the only remaining named Defendant, The

Good Samaritan Hospital of Cincinnati, Ohio.[1]  To this end, the Court will consider, in addition to the original memorandum in support, Plaintiff's memorandum in opposition (Doc. 28), Defendants' reply (Doc. 29), and Defendants' supplemental reply (Doc. 37).

## II.     LEGAL STANDARD

Before proceeding, the Court must decide the appropriate legal standard by which to evaluate the balance of the Hospital's Motion.  Reference is made to both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure regarding Plaintiff's negligence cause of action.  The caption of the Motion is styled in the alternative ("Motion to Dismiss or, alternatively, for Partial Summary Judgment"), and the phrases "failure to state a claim," "dismiss with prejudice," and "partial summary judgment" are used interchangeably throughout the briefing.[2]   Upon review, the Court concludes that a Rule 12(b)(6) analysis is the correct measure.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

[1] Plaintiff also sues John Doe Physicians Numbers 1-5, John Doe Corporations Numbers 1-5, John Doe Employees Numbers 1-5, and John Doe Nurses Numbers 1-5. (*See* Doc. 1 at PageID 1–2 (Caption)).
[2] (*See* Doc. 17 at PageID 137 ("failure to state a claim"), 139 ("dismiss with prejudice"), 142 ("partial summary judgment"), 143 ("fail[ure] to state a claim"), 150 ("failure to state a claim"), 151 ("partial summary judgment" and "fail[ure] to state a claim"); Doc. 29 at PageID 618 ("failure to state a claim"); and Doc. 37 at PageID 717 ("dismissed under Fed. R. Civ. P. 12(b)(6)")).

*v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

On a Rule 12(b)(6) motion, a district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation and citation omitted). The ability of the court to consider supplementary documentation has limits, however, in that it must be "clear that there exist no material disputed issues of fact concerning the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir. 2012) (internal quotation and citation omitted).

As earlier recited, Plaintiff's class action complaint refers to "a previous lawsuit, voluntarily dismissed without prejudice on June 8, 2018, [ ] filed in Hamilton County, Ohio" in which the Hospital "finally admitted Mr. Frank's birth records had been destroyed due to the negligence of Cintas Corporation No. 2, a third party hired by Defendants to store and, when lawful, destroy medical records." (*See* Doc. 1 at PageID 2 (¶1)). The filings in the state court lawsuit certainly qualify as public records and they are plainly "central" to the questions presented here. Thus, the undersigned may consider them in the Rule 12(b)(6) context.

### III.  ANALYSIS

For purposes of deciding the outstanding issue before the Court, the following facts are accepted as true.

Plaintiff was born at Good Samaritan Hospital on July 30, 1998. (Doc. 1 at PageID 2 (¶ 1)). He suffers from periventricular leukomalacia, a permanent and debilitating brain injury that he attributes to trauma in utero during his delivery. (*Id.* at PageID 2 (¶ 2), PageID 7 (¶¶ 23–26)). Plaintiff filed suit in the Court of Common Pleas for Hamilton County, Ohio on August 12, 2016—presumably once he turned 18 years old—suing the Hospital for medical malpractice. (*See* Doc. 17-3). Upon learning that his birth records were negligently destroyed by a third party—Cintas[3]—he amended his complaint in state court on November 2, 2017 to add an additional cause of action for "spoliation of evidence." (*See* Doc. 17-4). Specifically, Plaintiff alleged that, following his "improper delivery," the Hospital was "aware that litigation for medical malpractice was probable." (*Id.* at PageID 172). He further alleged that his birth records were "lost or destroyed due to the willful acts of [the Hospital] in not assuring retention of these crucial documents despite actual knowledge that litigation was probable" and that the Hospital's failure to retain the records "was calculated to disrupt" his suit for medical malpractice. (*Id.* at PageID 173 (¶¶ 32, 33)). The Hospital filed a motion for partial summary judgment with respect to this new cause of action, which the state court judge granted on May 16, 2018. (*See* Doc. 17-5). The court found that Plaintiff "failed to provide any evidence showing that: 1) Defendants had any knowledge of pending or probable litigation; 2) Defendants willfully destroyed documents; or 3) that there was willful destruction of evidence designed to disrupt Plaintiff's case." (*Id.*). Not long thereafter, on June 8, 2018, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Ohio R. Civ. P. 41(a). (*See* Doc. 17-7).

---

[3] Plaintiff's birth records were negligently destroyed in 2010 by Cintas Corporation No. 2, a third party hired by the Hospital to store medical records. The Hospital learned in 2012 that the records were destroyed. Plaintiff discovered that the records were destroyed on June 22, 2017. (Doc. 1 at PageID 2 (¶ 1)).

Plaintiff filed his "Medical Malpractice Complaint with Class Allegations for Negligent Destruction of Medical Records" here in the Southern District of Ohio on August 31, 2018. (Doc. 1). Specific to his third cause of action, he contends that the Hospital "was subject under the American Medical Association Code of Ethics to a nondelegable duty to manage medical records appropriately." (*Id.* at PageID 9 (¶ 38)). He contends further that it is "a violation of Ohio law for any physician to violate any provision" of said Code of Ethics, citing Ohio Revised Code § 4731.22(B)(18). (*Id.* (¶ 39)). The "provision" violated, according to Plaintiff, is Ethics Opinion 3.3.1, which states that a physician must "retain[ ] old records against possible future need" and to "[u]se medical considerations to determine how long to keep records." (Doc. 1 at PageID 10 (¶ 40)).[4] With this as background, Plaintiff alleges that the Hospital had a duty under Ohio law to retain birth records "for at least the length of time of the statute of limitations for medical malpractice claims, 21 years in the case of a minor." (*Id.* at PageID 13 (¶ 46)).[5] And, because its contractor Cintas "unintentionally" destroyed the records in 2010, when Plaintiff would have been only 12 years old, the Hospital "is liable to Plaintiff, and members of the putative class, in compensatory damages, punitive damages, interest and attorneys fees." (*Id.* at PageID 14 (¶ 52)).

---

[4] Plaintiff also quotes from the Hospital's record retention policy, which states that "[m]aternity and newborn records will be kept for a period of twenty-one (21) years[,]" and that all records will be "retained for a period of time consistent with the state and federal laws and the standards of the health care industry." (*Id.* at PageID 11 (¶ 41)). Use of a third-party "commercial record destruction company" is allowed under the terms of the policy, with obligations to notice "intent" to destroy records and complete "certificates of destruction." (*Id.* at PageID 11–12 (¶ 41)). "After destruction, persons requesting records can be informed that the records have been destroyed." (*Id.* at PageID 12 (¶ 41)).

[5] A suit for medical malpractice must be brought within one year after the cause of action accrues. Ohio Rev. Code § 2305.113(A). In the case of a minor, however, the statute of limitations does not begin to run until the minor has reached the age of 18. *Id.* § 2305.16. The savings statute allows a plaintiff to voluntarily dismiss his suit without prejudice ("if the plaintiff fails otherwise than upon the merits") and then refile "within one year." *Id.* § 2305.19(A). In Plaintiff's mind, this scenario adds up to 21 years. (Doc. 1 at PageID 13 (¶ 46)). The Hospital puts the count at 20. (Doc. 17 at PageID 148–49). In the Court's view, neither sum is absolutely correct vis-à-vis application of the savings statute. A suit can pend for multiple years before a decision on the merits results from either motion practice or a jury verdict, and Ohio R. Civ. P. 41(A) allows a plaintiff to dismiss without prejudice "at any time before commencement of trial."

The Hospital argues that Plaintiff's third cause of action should be dismissed pursuant to Rule 12(b)(6) because: (1) it is time-barred; (2) there is no legal duty to retain birth records for 21 years; and (3) Ohio does not recognize a tort for negligent destruction of medical records. The Hospital's third argument is dispositive.

Plaintiff's third cause of action specifically alleges *negligent* destruction of medical records, which is fatal to Plaintiff proceeding further. Ohio clearly recognizes the tort of spoliation of evidence, which, as an essential element, requires proof of *intent. See McGuire v. Draper, Hollenbaugh and Briscoe Co., L.P.A.*, No. 01CA21, 2002-Ohio-6170, at ¶¶ 75–77, 2002 WL 31521750, at *12 (Ohio App. 4th Dist. Nov. 4, 2002). *McGuire* cites *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St. 3d 28, 1993-Ohio-229, 615 N.E.2d 1037, 1038 (1993), in which the issue of whether Ohio recognized a claim for "intentional or negligent spoliation of evidence and/or tortious interference with prospective litigation" was certified to the Supreme Court of Ohio. The court also was asked to answer, if such a claim exists, "may such a claim be brought at the same time as the primary claim, or must the victim of spoliation await an adverse judgment?" *Id.* In response, the court answered:

> A cause of action exists in tort for interference with or destruction of evidence; [ ] the elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) <u>willful destruction of evidence</u> by defendant designed to disrupt plaintiff's case, and (5) damages proximately caused by the defendant's acts;
>
> [ ] such a claim should be recognized between the parties to the primary actions and against third parties; and [ ] such a claim may be brought at the same time as the primary action.

*Id.* (emphasis added). "In a spoliation case, 'willful' reflects an intentional and wrongful commission of the act." *White v. Ford Motor Co.*, 142 Ohio App. 3d 384, 755 N.E.2d 954, 957

7

(2001) (citing *Drawl v. Conrnicelli*, 124 Ohio App. 3d 562, 706 N.E.2d 849 (1997)). *See Cuttill v. Pickney*, No. C2-04-375, 2005 WL 3216578 (S.D. Ohio Nov. 28, 2005) (Ohio appellate courts have "consistently" rejected arguments that *Smith v. Howard Johnson*'s definition of "willful destruction" has been broadened by any subsequent Supreme Court of Ohio pronouncement).

In the state court litigation, Defendants successfully moved for summary judgment on the spoliation of evidence claim added by Plaintiff in his amended complaint. That same claim was not included in the class action complaint before this Court, though. Rather, *all* references are to the Hospital's—or third-party Cintas'—*negligence*.[6] Yet negligence, like the "carelessness" alleged in *McGuire*, is patently "insufficient to establish willfulness." 2002-Ohio-6170, at ¶ 77, 2002 WL 31521750, at *13.

Plaintiff's memorandum in opposition is silent on whether Ohio recognizes a tort of negligent destruction of medical records. But in addressing the statute of limitations argument raised by the Hospital, Plaintiff urges the Court to apply what he labels "the general negligence statute of limitations." (Doc. 28 at PageID 610 (quoting Ohio Rev. Code 2305.09)). This description confirms the obvious—Plaintiff's third cause of action is negligence-based and, as such, warrants dismissal. And, with this determination, the Court need not address the Hospital's alternative arguments.

## IV.   CONCLUSION

With all outstanding issues resolved, the pending Motion to Dismiss (Doc. 17) is—as previously noted in the Court's Order dated May 10, 2019—**DENIED** to the extent it seeks

---

[6] Indeed, Plaintiff introduces his class action complaint with the following allegation: "The birth records of Mr. Frank were destroyed in 2010, <u>due to the negligence</u> of Defendants Good Samaritan Hospital [  ] and its contractor, Cintas." (*See* Doc. 1 at PageID 2 (¶ 1) (emphasis added)).

8

dismissal based on lack of subject matter jurisdiction; **DENIED AS MOOT** as to any and all claims once asserted against terminated Defendant Good Samaritan Hospital Foundation of Cincinnati, Inc.; and **GRANTED** with regard Plaintiff's third cause of action for negligence against the only remaining named Defendant, The Good Samaritan Hospital of Cincinnati, Ohio. During the upcoming status conference by telephone set for December 10, 2019, the Court will discuss with counsel the viability of Plaintiff's pending Corrected Motion for Class Certification (Doc. 47) in light of this ruling.

    **IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court