# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

Jahmir Christopher Frank,

    Plaintiff,

  vs.

The Good Samaritan Hospital of Cincinnati, Ohio,

    Defendant.

Case No. 1:18-cv-00618

Judge Michael R Barrett

## ORDER DENYING CORRECTED MOTION FOR CLASS CERTIFICATION AND DIRECTING ENTRY OF FINAL JUDGMENT AS TO PLAINTIFF'S THIRD CAUSE OF ACTION

This matter is before the Court on the pending Corrected Motion for Class Certification by Proposed Class Representative Jahmir Frank. (Doc. 47).

As background, Plaintiff filed his "Medical Malpractice Complaint with Class Allegations for Negligent Destruction of Medical Records" in the Southern District of Ohio on August 31, 2018. (Doc. 1). Specific to his third cause of action, he contends that Good Samaritan Hospital "was subject under the American Medical Association Code of Ethics to a nondelegable duty to manage medical records appropriately." (*Id.* at PageID 9 (¶ 38)). He contends further that it is "a violation of Ohio law for any physician to violate any provision" of said Code of Ethics, citing Ohio Revised Code § 4731.22(B)(18). (*Id.* (¶ 39)). The "provision" violated, according to Plaintiff, is Ethics Opinion 3.3.1, which states that a physician must "retain[ ] old records against possible future need" and "[u]se medical considerations to determine how long to keep records." (Doc. 1 at PageID 10 (¶ 40)). In this context, then, Plaintiff alleges that the Hospital had a duty under Ohio law to retain birth records "for at least the length of time of the statute of limitations for medical malpractice claims, 21 years in the

1

case of a minor." (*Id.* at PageID 13 (¶ 46)). And, because its contractor Cintas "unintentionally" destroyed the records in 2010, when Plaintiff would have been only 12 years old, the Hospital "is liable to Plaintiff, and members of the putative class, in compensatory damages, punitive damages, interest and attorneys fees." (*Id.* at PageID 14 (¶ 52)).

A comprehensive motion to dismiss followed on October 3, 2018. (Doc. 17). In the wake of a variety of procedural twists and turns that need not be repeated here, the single issue left for decision with regard to that motion concerned Plaintiff's third cause of action against the Hospital. (*See* Doc. 52 at PageID 923–24). The Hospital argued that Ohio does not recognize a tort for *negligent* destruction of medical records—as opposed to the tort of spoliation of evidence—and this Court agreed. (*Id.* at PageID 928–30). Accordingly, on December 9, 2019, the undersigned granted the Hospital's motion to dismiss Plaintiff's third cause of action for failure to state a claim under which relief can be granted under Ohio law. (*Id.* at PageID 930).

During a status conference by telephone held the next day, December 10, 2019, the Court discussed with the parties the ongoing viability of Plaintiff's Corrected Motion for Class Certification. Plaintiff conceded that his class action allegations were supported solely by his third cause of action, now dismissed. In light of this acknowledgement, and for the reasons set forth in the undersigned's Order dated December 9, 2019, the Court *sua sponte* **DENIES** Plaintiff's Corrected Motion for Class Certification (Doc. 47) for failure to state a claim under which relief can be granted under Ohio law. And, for the reasons explained below, Plaintiff's oral motion that the Court direct entry of a final judgment as to his third cause of action will be **GRANTED**.

"When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court

may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Thus, "the rule permits immediate appellate review of a district court's judgment even though the lawsuit contains unresolved claims." *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (citation omitted). Rule 54(b) "is intended 'to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple claim situations at a time that best serves the needs of the litigants.'" *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) (citations omitted). Rule 54(b) should not be used routinely, but reserved instead for the infrequent case where certification serves the interest of justice and judicial administration. *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988) (citations omitted).

To comply with Rule 54(b), the Court must follow a two-step process. "First, the district court must expressly direct the entry of final judgment as to one or more but fewer that all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *EJS Properties, LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012) (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994)).

Here, the first step is easily met. Plaintiff's class action complaint sets forth three causes of action. The first two—medical malpractice and respondeat superior—underpin his allegation that he is the victim of a negligent delivery at the Hospital and consequently suffers from periventricular leukomalacia, a permanent and debilitating brain injury that he attributes to trauma in utero during his delivery at the Hospital. (Doc. 1 at PageID 2 (¶ 1), PageID 6–9 (¶¶ 20–34)). The first two causes of action were *not* the subject of the undersigned's Order dated

December 9, 2019 and are completely distinct from Plaintiff's third cause of action. Thus, the Court has directed entry of final judgment expressly as to Plaintiff's third cause of action—negligent destruction of medical records—pled on behalf of himself and thousands of individuals whose records were prematurely destroyed, but not his first or second causes of action.

The second step, a determination by the Court that there is no just reason for delay, requires consideration of "judicial administrative interests as well as the equities involved." *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821 (6th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). In making this determination, the Court must "consider a nonexhaustive list of factors, such as: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other miscellaneous factors, including 'delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.'" *U.S. Citizens Ass'n*, 705 F.3d at 596 (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)). In this instance, virtually all factors weigh in favor of granting Rule 54(b) certification. As noted, the adjudicated claim for negligent destruction of medical records and the unadjudicated medical malpractice claim are independent of each other. There is no possibility that the need for appellate review might be mooted by future developments in this Court vis-a-vis the pending medical malpractice claim. There is likewise no possibility that the reviewing court might be obliged to consider the same issue a second time. There is no factual dispute regarding the destruction of the birth records. Plaintiff pleads that the destruction was negligent, and whether that negligence amounts to a tort

4

turns on a question of Ohio law.  In contrast, many factual issues attend whether the Hospital—and its physicians, nurses and other medical providers—committed malpractice during Plaintiff's delivery.  Thus, the issue decided in any interlocutory appeal will obviously be different from the issues decided in an appeal after judgment on Plaintiff's medical malpractice claim.  With regard to set-off, while the Hospital has pled contributory/comparative negligence as an affirmative defense, (*see* Doc. 10 at PageID 86 (¶ 2, Second Affirmative Defense)), it has not pled a counterclaim against Plaintiff.  Moreover, any purported contributory/comparative negligence on Plaintiff's part would have nothing to do with destroyed medical records.  Finally, the miscellaneous factors appear to be neutral with regard to the question of certification.  There is no suggestion, for example, that the Hospital is at risk for insolvency.  "But the fact that [the defendant] is capable of paying either now or later is not a 'just reason for delay.'"  *Curtiss-Wright*, 100 S. Ct. at 12.  On balance, then, the Court finds no just cause for delay.

In conclusion, the Corrected Motion for Class Certification by Proposed Class Representative Jahmir Frank (Doc. 47) is **DENIED** and Plaintiff's oral motion that the Court direct entry of a final judgment as to his third cause of action, pursuant to Fed. R. Civ. P. 54(b), is **GRANTED**.  There will be no stay pending appeal with regard to Plaintiff's first and second causes of action.

**IT IS SO ORDERED.**  /s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court